**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CALLIE J. JOHNSON,

    Plaintiff,

vs.                                           Case No. 3:05-cv-797-J-32MCR

WACHOVIA BANK,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Plaintiff's Motion to Invoke Court's Jurisdiction (Doc. 9) filed October 28, 2005. On August 24, 2005, Plaintiff filed a motion to proceed *in forma pauperis*. On August 29, 2005, the undersigned entered a Report and Recommendation recommending Plaintiff's motion to proceed *in forma pauperis* be denied because Plaintiff's Complaint was deficient for a number of reasons. (Doc. 5). However, the Court permitted Plaintiff to attempt to correct the noted deficiencies and allowed her to file an amended complaint. Plaintiff did so on September 19, 2005. (Doc. 6). Unfortunately, Plaintiff failed to provide the Court with a basis to exercise its jurisdiction. Accordingly, the Court permitted Plaintiff a final opportunity to amend her Complaint to provide a statement demonstrating the grounds upon which the Court's jurisdiction depends. In this Order, the Court warned that failure

---

[1] Any party may file and serve objections hereto within TEN (10) DAYS after service of this opinion. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Fed.R.Civ.P. 72, 6(a) and (e); Local Rule 4.20, United States District Court for the Middle District of Florida.

to do so would result in a recommendation to the District Judge that the case be dismissed.  (Doc. 8).

In response, Plaintiff filed the instant motion in which she states that she already pursued her claim in state court but was told by the state attorney that Defendant did not break any laws.  Plaintiff does not provide any legal basis to invoke this Court's jurisdiction.  Instead, she claims that "[t]his Court is my last avenue for relief."  (Doc. 9).  While the Court is sympathetic, as noted in the previous orders, federal courts are courts of limited jurisdiction and in order to maintain a claim in federal court, the complaint must contain a "short and plain statement of the grounds upon which the court's jurisdiction depends."  Fed. R. Civ. P. 8(a)(1).  As Plaintiff has repeatedly failed to do so, the undersigned respectfully recommends this case be dismissed without prejudice to Plaintiff filing a paid complaint.

**DONE AND ENTERED** in Chambers in Jacksonville, Florida this  31st  day of October, 2005.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Hon. Timothy J. Corrigan,
United States District Judge

Plaintiff